IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WESLEY LANCE JOHNSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )  Case No. 2:23-cv-260-MHT-CWB |
| BLAKE TURMAN, et al., | ) ) ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, proceeding *pro se*, initiated this action pursuant to 42 U.S.C. § 1983 while confined at the Covington County Jail. (Doc. 2). By Order entered May 15, 2023, Plaintiff was informed that he must submit either the $402.00 in required fees or a properly completed application for leave to proceed *in forma pauperis*. (Doc. 3). The Order was returned, however, as "Return to Sender-No Longer in Covington County Jail." The court then issued a second Order requiring Plaintiff to file a notice of his current address by June 20, 2023. (Doc. 4 at p. 1). The Order also informed Plaintiff that this action could not proceed if his whereabouts remained unknown and cautioned Plaintiff that his failure to timely respond would result in a recommendation of dismissal. (*Id.*).

Despite the court's admonition, Plaintiff did not respond by the imposed deadline. The undersigned views such failure as reflecting a lack of interest in the continued prosecution of this action, which cannot proceed absent Plaintiff's active participation. Considering Plaintiff's willful failure to comply with the court's directives, the undersigned finds that any lesser sanctions than dismissal would not be appropriate under the circumstances. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that dismissal for failure to obey a court order generally is not an

1

abuse of discretion where the litigant has been forewarned); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962) (acknowledging that the authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and empowers courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket" and that "[t]he sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice"). Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that this action be dismissed without prejudice.

It is **ORDERED** that any objections to this Recommendation must be filed no later than **July 20, 2023.** An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

**DONE** this the 6th day of July 2023.

/s/ Chad W. Bryan
_____
CHAD W. BRYAN
UNITED STATES MAGISTRATE JUDGE